IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| JENNIFER L. FARGIONE and | : | CIVIL ACTION |
| JUDY L. PAVELKO, In their own right and | : | |
| as Co-Administrators for the Estate of | : | |
| CAROL L. WILLIAMS, Deceased, | : | |
| Plaintiffs, | : | NO. 16-5878 |
| | : | |
| v. | : | |
| | : | |
| EDWARD SWEENEY, et al., | : | |
| Defendants. | : | |
| | : | |

**MEMORANDUM**

Henry S. Perkin, M.J.                                                          September 27, 2017

This matter is before the Court on the Motion to Dismiss Plaintiffs' Complaint and/or Motion to Strike Pursuant to Fed. R. Civ. P. 12(f) which was filed by Defendant, PrimeCare Medical, Inc. PrimeCare seeks dismissal of all claims against it or, in the alternative, requests that paragraphs 50 and 51 of the Complaint should be stricken. For the following reasons, the Motion to Dismiss will be granted in part and denied in part with leave to amend.

**I. FACTS AND PROCEDURAL HISTORY.**

Carol L. Williams was committed to Lehigh County Prison for a parole violation. At the time of her incarceration, Ms. Williams suffered from Chronic Obstructive Pulmonary Disease (COPD) and asthma. While residing in Lehigh County Prison, Ms. Williams received numerous breathing treatments to manage her COPD and asthma. Compl., ¶¶ 21-22.

On November 11, 2014, Ms. Williams experienced difficulty breathing and proceeded to shout that she could not breathe. Several other inmates also called out for the guards

to help Ms. Williams. At 10:30 p.m.-10:45 p.m., Corrections Officer Rodgers informed Decedent that she would need to fill out a medical slip in order to be seen at the infirmary. Id., ¶ 25. Another inmate questioned C.O. Rodgers, claiming the medical slip was not needed in a medical emergency. C.O. Rodgers responded by claiming there was a policy change and a medical slip was required. C.O. Rodgers did nothing further to address Decedent's health situation. Id., ¶ 29. When C.O. Chandler came on duty for the 11:00 p.m.- 7:00 a.m. shift, several inmates informed her that Decedent was having difficulty breathing. C.O. Chandler, upon learning this information, stated that she would call the medical department. Approximately thirty minutes later, C.O. Chandler returned to inform Decedent that there was only one person in medical and several other patients were waiting in medical. Id., ¶¶ 30-33. C.O. Chandler told Decedent that the medical department could not help her until the next morning. Id., ¶ 32. C.O. Chandler did nothing further to address Decedent's health situation. Id., ¶ 33. On November 12, 2014, Ms. Williams was found dead in her cell. The Lehigh County Coroner determined that Chronic Bronchial Asthma, along with Arteriosclerotic Cardiovascular Disease caused Ms. Williams' death. Id., ¶¶ 35-36.

    At the time of Ms. Williams' death, Lehigh County Prison had a purported policy which classified inmate requests for medical services into three classes: (1) routine matters which were handled through a sick call slip process wherein an inmate would be seen at the next regularly scheduled medical round; (2) matters which were more urgent, but not of an emergency nature, wherein Correctional Officers were to contact the medical department and request immediate help; and (3) emergency matters which required the declaration of a 'code blue' in which emergency help was sought from the medical department, and failing that, outside help

would be summoned using the 911 emergency communications system. Id., ¶ 39. At all times pertinent to this action, PrimeCare was selected and retained by Lehigh County to provide medical services. Plaintiffs aver that PrimeCare has a history of failing to address inmate medical needs, citing thirteen in-custody deaths by inmates in Lehigh County Prison between 2011-2015. Id., ¶¶ 50-51.

On November 14, 2016, Plaintiffs initiated this matter by filing a Complaint against Lehigh County, the Director of Corrections for Lehigh County Edward Sweeney, Lehigh County Prison Warden Janine Donate, the Medical Director of Lehigh County Prison Jane or John Doe, the Health Services Administrator of Lehigh County Prison John or Jane Doe, Lehigh County Corrections Officer Chandler, Lehigh County Corrections Officer Rodgers, John and Jane Doe Corrections Officers 1 through 10, John and Jane Doe Lehigh County Prison supervisory personnel 1 through 10, John and Jane Doe Lehigh County Prison Medical Staff 1 through 10 and PrimeCare Medical, Inc., which contracts to provide health care services in Lehigh County Prison. The claims in the Complaint against PrimeCare include the following: Constitutional violations pursuant to 42 U.S.C. § 1983 (Count I); Denial of Medical Care in violation of 42 U.S.C. § 1983 (Count II); Civil Conspiracy pursuant to 42 U.S.C. § 1983 (Count VI); Negligence - Vicarious and Corporate Liability (Count VIII); Intentional Infliction of Emotional Distress (Count IX); Negligent Infliction of Emotional Distress (Count X); Civil Conspiracy (Count XI); Wrongful Death (Count XII) and Survival (Count XIII).

### III. STANDARD OF REVIEW.

#### A. Fed. R. Civ. P. 12(b)(6)

On a motion to dismiss for failure to state a claim, courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief. Phillips v. County of Allegheny, 515 F.3d 224 (3d Cir. 2008). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) (citing Papasan v. Allain, 478 U.S. 265 (1986)).

In order to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. at 678. "Only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679.

#### B. Fed. R. Civ. P. 12(f)

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). As noted by my colleague, the Honorable Lawrence F. Stengel,

> Content is immaterial when it "has no essential or important relationship to the claim for relief." Donnelly v. Commonwealth Fin. Sys., No. Civ.A.07-1881, 2008 WL

762085, at *4 (M.D. Pa. March 20, 2008) (citing Delaware Healthcare, Inc. v. MCD Holding Co., 893 F. Supp. 1279, 1291–92 (D. Del. 1995)). Content is impertinent when it does not pertain to the issues raised in the complaint. Id. (citing Cech v. Crescent Hills Coal Co., No. Civ.A.96-2185, at *28 (W.D. Pa. July 25, 2002)). Scandalous material "improperly casts a derogatory light on someone, most typically on a party to the action." Id. (citing Carone v. Whalen, 121 F.R.D. 231, 233 (M.D. Pa. 1988)).

"The standard for striking a complaint or a portion of it is strict, and 'only allegations that are so unrelated to the plaintiffs' claims as to be unworthy of any consideration should be stricken.' " Steak Umm Co., LLC v. Steak'Em Up, Inc., No. Civ.A.09-2857, 2009 WL 3540786, at *2 (E.D. Pa. Oct. 29, 2009) (citing Johnson v. Anhorn, 334 F. Supp. 2d 802, 809 (E.D. Pa. 2004)). "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." McInerney v. Moyer Lumber and Hardware, Inc., 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002). Although "[a] court possesses considerable discretion in disposing of a motion to strike under Rule 12(f)," such motions are "not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case." River Road Dev. Corp. v. Carlson Corp., No. Civ.A. 89-7037, 1990 WL 69085, at *3 (E.D. Pa. May 23, 1990) (citing 5C C. Wright & A. Miller, Federal Practice and Procedure, § 1382, at 809-10, 815 (1969)). Motions to strike are to be decided "on the basis of the pleadings alone." North Penn Transfer, Inc. v. Victaulic Co. of Am., 859 F. Supp. 154, 159 (E.D. Pa. 1994) (citations omitted). Striking a pleading or a portion of a pleading "is a drastic remedy to be resorted to only when required for the purposes of justice." DeLa Cruz v. Piccari Press, 521 F. Supp. 2d 424, 428 (E.D. Pa. 2007) (quotations omitted).

Ulearey v. PA Servs., Inc., Civ. A. No. 16-4871, 2017 WL 1283946, at *4 (E.D. Pa. Apr. 6, 2017).

## IV. DISCUSSION.

### A. Counts I and II - Section 1983, Eighth and Fourteenth Amendment Deliberate Indifference

In Counts I and II of Plaintiffs' Complaint, Plaintiffs aver that PrimeCare violated Ms. Williams' Eighth and Fourteenth Amendment rights by denying her medical care while she was in state custody. PrimeCare moves to dismiss these claims on the basis that neither the Eighth nor Fourteenth Amendments are applicable and Plaintiffs cannot demonstrate a viable

5

cause of action for denial of medical care. To survive a motion to dismiss, Plaintiffs must sufficiently plead that PrimeCare acted with deliberate indifference. If plaintiff is a pretrial detainee instead of a convicted prisoner, the section 1983 claim arises as a violation of the Fourteenth Amendment. Ms. Williams was not a pretrial detainee, therefore the Fourteenth Amendment is not applicable and the Plaintiffs' claim pursuant to the Fourteenth Amendment will be dismissed.

To hold a private corporate defendant liable under section 1983, a plaintiff must show that the corporation was acting under the color of law and that the constitutional violation arose from the corporation's official policy or custom. Milliner v. Diguglielmo, 2011 WL 2357824, at *6 (E.D. Pa. June 8, 2011)(citing Natale v. Camden County Corr. Facility, 318 F.3d 574, 583-83 (3d Cir. 2003)). Any violation of a plaintiff's rights must have been done intentionally or with deliberate indifference to those rights. Summers v. City of Philadelphia, Civ. A. No. 17-191, 2017 WL 2734277, at *3 (E.D. Pa. June 26, 2017). Failure to provide adequate medical care is actionable under section 1983 as a violation of the Eighth Amendment if the failure results from the deliberate indifference to a prisoner's serious illness or injury. Personacare of Reading, Inc. v. Lengel, Civ. A. No. 16-1965, 2017 WL 1036154, at *2 (E.D. Pa. Mar. 17, 2017). The "deliberate indifference" standard is applied regardless of a plaintiff's status. Randall v. County of Berks, Civ. A. No. 14-15091, 2015 WL 5027542, at *9-10 (E. D. Pa. Aug. 24, 2015).

A prison official acts with deliberate indifference only if an individual knows of and disregards an excessive risk to inmate health or safety. Deliberate indifference requires some

culpable state of mind. Koukos v. Chester County, Civ. A. No. 16-4602, 2017 WL 511634, at *4-5 (E.D. Pa. Feb. 7, 2017). In Andrews v. Kenney, the Honorable Gene E.K. Pratter explains that:

> To establish that a supervisory defendant acted with deliberate indifference, a plaintiff must establish that '(1) the policy or procedures in effect at the time of the alleged injury created an unreasonable risk of a constitutional violation; (2) the defendant-official was aware that the policy created an unreasonable risk; (3) the defendant was indifferent to that risk; and (4) the constitutional injury was caused by the failure to implement the supervisory practice or procedure.

Andrews v. Kenney, Civ. A. No. 16-1872, 2017 WL 2591931, at *3 (E.D. Pa. June 14, 2017).

Plaintiffs aver that PrimeCare failed to provide adequate healthcare resulting in "in-custody deaths, from which a reasonable person could infer that PrimeCare managers and policymakers were aware of deficiencies in the provision of medical care to inmates at LCJ." Pls.' Br. in Opp'n., p. 13 (citing Compl., ¶¶ 50-51). Plaintiffs also aver that PrimeCare was in a contractual relationship with Lehigh County to provide medical care for the inmates at the Lehigh County Prison and that Ms. Williams was informed that a new medical policy had been put into place whereby all requests for medical assistance would be processed through the call slip process and not responded to on an emergent basis. Id. (citing Compl., ¶¶ 25-27). At this stage of the litigation, Plaintiffs have sufficiently pled deliberate indifference regarding their claim for section 1983 denial of medical care. Thus, PrimeCare's Motion to Dismiss the Fourteenth Amendment claim is granted with prejudice but the Motion is denied with respect to the Section 1983 Eighth Amendment claims in Counts I and II.

### B.     Counts VI and XI - Section 1983 Conspiracy & Civil Conspiracy

PrimeCare moves to dismiss the conspiracy claims in Counts VI and XI of the Complaint. A conspiracy claim under 42 U.S.C §1983 requires that the object of the conspiracy

is an underlying civil rights claim. Williams v. Corizon, Civ. A. No. 12-cv-02412, U.S. Dist. 2017 WL 4787223, *20 (E.D. Pa. Sept. 9, 2013). Conclusory statements alone are not enough to sufficiently plead conspiracy either through 42 U.S.C §1983 as in Count VI or through a state conspiracy claim as in Count XI. District Judge Thomas N. O'Neill, Jr. noted:

> [m]erely asserting that "all [d]efendants expressly or tacitly agreed to act and did expressly or tacitly act under the color of state law, knowingly, intentionally, willfully, maliciously, wantonly, grossly negligent (sic) and with deliberate indifference, in concert and conspiracy with each other and others to violate [p]laintiff's constitutional, civil and other rights" is insufficient to satisfy the pleading requirements.

Robinson v Corizon Health, Inc., Civ. A. No. 10-7165, 12-1271, U.S. Dist. 2016 WL 1274045, *12 (E.D. Pa. Mar. 30, 2016). In pleading state law conspiracy in Count XI, "[p]laintiff must show that two or more persons combined or agreed with intent to do an unlawful act or to do an otherwise lawful act by unlawful means. Proof of malice, i.e., an intent to injure, is essential in proof of a conspiracy." Skipworth by Williams v. Lead Indus. Ass'n, Inc., 690 A.2d 169, 174 (Pa. 1997). Plaintiffs allege that PrimeCare and Lehigh County entered into an agreement where, solely in the interests of reducing costs, PrimeCare would reduce the level of medical care provided to inmates, which resulted in Ms. Williams' death. Compl., ¶¶ 51-53.

Plaintiffs who claim conspiracy can be granted leave to amend their complaint, but only to the extent that they can "allege specific facts, particular to the moving defendants, demonstrating the actions of defendants committed in creating and furthering the conspiracy, including the times and places of meetings and the general role of each conspirator." Robinson, 2016 WL 1274045, at *12. Plaintiffs have not pled any specific facts demonstrating the actions of PrimeCare in the creation and furtherance of the alleged conspiracy to cut costs and reduce the level of medical care provided to inmates. Thus, Defendant's Motion to Dismiss Counts VI and XI is

granted and Plaintiffs shall have an opportunity to amend the Complaint as to these conspiracy claims.

      **C.**      **Count VIII: Negligence - Vicarious and Corporate Liability**

PrimeCare next moves to dismiss the vicarious and corporate negligence claims against it found in Count VIII of the Complaint. To plead a prima facie case of corporate negligence, a plaintiff must allege sufficient facts to show that the entity's actions deviated from an accepted medical standard, the entity had actual or constructive knowledge of the defect or procedures that created the harm; and the entity's negligence was a substantial factor in causing the harm. Robinson, 2016 WL 1274045, at *11. PrimeCare cannot be considered negligent from the actions of the individual actors it employs because "[t]he cause of action [must] arise from the policies, actions or inaction of the institution itself rather than the specific acts of individual employees." Id. A private corporation contracted by a prison to provide health care cannot be held liable under a respondeat superior theory. Supervisory liability can arise where the entity "turned a blind eye to an obviously inadequate practice that was likely to result in the violation of constitutional rights." Henry v. Buskirk, Civ. A. No. 08-1348, 2011 WL 767540, at *4 (E.D. Pa. Feb. 24, 2011); See Natale, 318 F.3d at 583-84.

Plaintiffs aver that PrimeCare was responsible for the health of the prisoners/detainees in Lehigh County Prison. Compl., ¶ 20. There are multiple past instances of prisoner/detainee deaths while in the care of PrimeCare. Id., ¶ 50. It can be inferred at this stage of the pleadings, therefore, that PrimeCare was aware of each past incident and inaction on their part continued this trend on November 11, 2014, when Ms. Williams was under the care of

9

PrimeCare personnel and did not receive medical treatment. Thus, PrimeCare's motion to dismiss Count VIII is denied.

### D. Counts IX and X - Intentional and Negligent Infliction of Emotional Distress

"In order raise a claim for [negligent infliction of emotional distress] NIED, a plaintiff must demonstrate one of four factual scenarios: (1) the defendant owed a fiduciary duty toward the plaintiff; (2) the plaintiff suffered a physical injury that caused emotional distress; (3) the plaintiff was in the "zone of danger" of the defendant's tortious conduct; or (4) the plaintiff witnessed a serious injury to a close family member." Doe v. Phila. Cmty. Health Alt. AIDS Task Force, 745 A.2d 25, 27 (Pa. Super. 2000). PrimeCare moves to dismiss the NIED claim against it because PrimeCare contends that no physical injury is alleged in this case. Plaintiffs point to the allegation in their Complaint that "Plaintiffs have suffered severe emotional distress, which has manifested itself in numerous physical symptoms, including, *inter alia*, stress, nervousness, anxiety, and insomnia." Compl., ¶ 122. "A plaintiff who can show such problems as 'long continued nausea or headaches, repeated hysterical attacks or mental aberration' has demonstrated adequate physical injury sufficient to sustain a cause of action." Toney v. Chester County Hosp., 961 A.2d 192, 200 (Pa. Super. 2008). The motion to dismiss the NIED claim in Count X of the Complaint must be denied at this stage of the pleadings.

To sustain an intentional infliction of emotional distress ("IIED") claim under Pennsylvania law, a plaintiff must show that a defendant's conduct was (1) extreme or outrageous; (2) intentional or reckless; and (3) caused severe emotional distress to another. Mantua Cmty. Planners v. City of Phila., No. CV 12-4799, 2016 WL 3227643, at *10 (E.D. Pa.

10

June 13, 2016). PrimeCare also moves to dismiss the IIED claim against it because PrimeCare contends that it cannot be vicariously liable for the alleged IIED of its employees since "said conduct was obviously outside the scope of the unnamed employees' responsibilities with PrimeCare." Def.'s Br. in Supp. Mot., p. 13 (citing PNC Mortg. v. Superior Mortg. Corp., Civ.A. No. 09-5084, 2012 WL 628000, at *30 (E.D. Pa. Feb. 27, 2012)). In response, Plaintiffs state that there is no basis in fact for the "incredible statement by PrimeCare that it cannot be liable for IIED because the yet to be identified PrimeCare employee who was on duty the night of Carol Williams' death was not acting within the scope of his or her employment." In the Complaint, Plaintiffs allege that:

> the aforesaid extreme and outrageous conduct, and acts of the Defendants, including Defendant PrimeCare, acting by and through its employees, agents, and/or contractors, or one or more of them, resulted in the infliction of emotional distress, psychological trauma, and psychic pain and suffering upon Carol prior to her death and instilled in her mind an immediate and permanent sense of fear and trepidation, and said conduct, acts or omissions surpass all bounds of decency universally recognized in a civilized society.
>
> As a direct and proximate result of and consequence of the aforesaid conduct, and acts of the Defendants, which constitutes intentional infliction of emotional distress, Carol suffered the following: a. emotional and psychological distress and trauma; b. mental anguish; c. psychic pain and suffering; d. severe fright, humiliation, and embarrassment; e. shame, humiliation, and embarrassment; f. severe anger, chagrin, disappointment and worry; and g. conduct which justifies punitive damages because of the outlandish and outrageous conduct, actions and omissions of one or more of the Defendants.

Compl., ¶¶ 118, 119. The allegations in the Complaint which Plaintiffs present regarding PrimeCare medical staff include the following which was relayed by C.O. Chandler that "there was only one person in medical and that there were several other patients down in medical . . . the medical department could not help Carol [Williams] until the next morning . . . upon information and belief, PrimeCare Medical staff, including, the Medical Director, the FSA and

the John/Jane Doe Medical Staff did nothing to attempt to address Carol [Williams'] medical emergency, other than saying that they could see her in the morning." Compl., ¶¶ 31-34. Plaintiffs fail to sufficiently plead IIED liability on the part of PrimeCare with the above allegations which are conclusory statements. PrimeCare's Motion is therefore granted with respect to Count IX, and Plaintiffs have leave to amend the Complaint as to their Intentional Infliction of Emotional Distress claim.

### E. Counts XII and XIII - Wrongful Death and Survival Claims.

PrimeCare moves to dismiss the claims for violations of the Pennsylvania Wrongful Death and Survival Act. 42 Pa. C.S.A. § 8301-02. These statutes do not create a freestanding cause of action or "a new theory of liability, but merely allow[] a tort claim of the decedent to be prosecuted." Bright v. Westmoreland Cty., 380 F.3d 729, 741 (3d Cir. 2004). Because Plaintiffs' section 1983 claims will not be dismissed, their claims under the Wrongful Death and Survival Act must also remain in this case at this stage of the litigation. Accordingly, PrimeCare's Motion for dismissal of the claims in Counts XII and XIII must be denied.

### F. Motion to Strike Scandalous and Impertinent Material.

PrimeCare moves to strike paragraphs 50 and 51 from the Complaint, stating that they are immaterial to Plaintiffs' action. Defs.' Br., p.16. Plaintiffs aver in paragraphs 50 and 51 of the Complaint multiple past incidents of prisoner/detainee deaths. Paragraph 50 states:

> Defendants Lehigh County, PrimeCare, Sweeney, Donate and Medical Director and HAS have a history of failing to address the medical needs of inmates at the Lehigh County Jail, with 13 in-custody deaths between 2011 and 2015 including the following:

> a. On August 17, 2011, 32 year old Tyquann McCord died from what was described to be natural causes;
>
> b. In October, 2011, 25 year old David Campbell died after having been placed in a restraint chair while in obvious physical distress, and denied medical treatment;
>
> c. On January 1, 2012, 25 year old Andrew Czonska committed suicide while in a cell with no cellmate and no monitoring;
>
> d. On January 5, 2012, 27 year old Travis Magditch, an asthmatic like Barvina, died from an asthma attack in his cell, after his repeated cries for help went unanswered, and after officials had made a prior determination that he would not be provided with a rescue inhaler, despite holding a prescription for such an inhaler;
>
> e. On February 27, 2013, 39 year old Alphie Herrera died from being placed in a restraint chair while suffering an epileptic seizure. A subsequent investigation by Lehigh County, believed to have been conducted by one or more of the individual Defendants, determined that no remedial action was warranted; and
>
> f. On January 16, 2014, 30 year old Frank Reichl-Pritchard died from self-inflicted injuries while in a cell with no cellmate and no monitoring of his condition.

Compl., ¶ 50. Paragraph 51 states:

> Additionally, inmate Barvina Berrios died on February 15, 2014, one day after her release from LCJ, as a result of the failure of LCJ and PrimeCare to treat her for pneumonia.

Id., ¶ 51. PrimeCare argues that these allegations are immaterial or inflammatory. Plaintiffs aver that there are thirteen past incidents of in-custody deaths, referencing seven in paragraphs 50 and 51, which are material to the Complaint in alleging PrimeCare's civil rights liability for denial of medical care, supervisory liability and in demonstrating a custom or policy by PrimeCare. See Henry v. Buskirk, No. 08-1348, 2011 WL 767540, at *4 (E.D. Pa. Feb. 24, 2011).

"[M]otions to strike are disfavored and usually will be denied 'unless the allegations have no possible relation to the controversy and may cause prejudice to one of the

13

parties, or if the allegations confuse the issues in the case.'" Druffner v. O'Neill, 2011 WL 1103647, at *3 (E.D. Pa. March 24, 2011) (citing Kim v. Baik, 2007 WL 674715, at *5 (D. N.J. Feb. 27, 2007) (quoting River Road Dev. Corp. v. Carlson Corp., 1990 WL 69085, at *2 (E.D. Pa. May 23, 1990)). PrimeCare was involved in multiple instances of prisoner/detainee deaths while it provided medical services to inmates in Lehigh County custody. Similarly, Plaintiffs allege that PrimeCare failed to provide medical care to Ms. Williams and the lack of care or deliberate indifference resulted in her death. The Court agrees with Plaintiffs that the allegations in paragraphs 50 and 51 are material, at this time, to a determination of whether a constitutional violation occurred with respect to Ms. Williams' death. As previously determined, Plaintiffs' section 1983 claims in Counts I and II of the Complaint remain in this case and the allegations contained in paragraphs 50 and 51 offer support for Plaintiffs' section 1983 claims. Defendant's alternative motion to strike is denied.

### IV. CONCLUSION.

Because the Court cannot determine at this time whether amendment would be futile, it will dismiss certain claims as set forth above against PrimeCare without prejudice so that Plaintiffs may, if they can do so responsibly, amend their pleading and cure its deficiencies. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007) ("[I]n civil rights cases district courts must offer amendment - irrespective of whether it is requested - when dismissing a case for failure to state a claim unless doing so would be inequitable or futile."). In addition, PrimeCare's motion to strike paragraphs 50 and 51 of Plaintiffs' Complaint is denied. An appropriate Order follows.

14