IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JENNIFER L. FARGIONE and | : | |
| JUDY L. PAVELKO, In their own right and | : | CIVIL ACTION |
| as Co-Administrators for the Estate of | : | |
| CAROL L. WILLIAMS, Deceased, | : | |
| Plaintiffs, | : | NO. 16-5878 |
| | : | |
| v. | : | |
| | : | |
| EDWARD SWEENEY, et al., | : | |
| Defendants. | : | |

Henry S. Perkin, M.J.                                                                     July 23, 2018

## **MEMORANDUM**

Before the Court is the Plaintiffs' Motion for Leave to File an Amended Complaint which was filed on January 19, 2018. Defendant PrimeCare Medical, Inc. filed a brief in opposition to the motion on January 29, 2018, and on February 5, 2018, Plaintiffs filed a motion for leave to file a Reply Brief. Plaintiffs' Reply Brief was filed on February 9, 2018 with leave of Court. Having reviewed and considered the contentions of the parties, the Court is prepared to rule on this matter.

**I.**     **BACKGROUND.**

This § 1983 action arises out of the death of Carol L. Williams ("Williams") during her incarceration at the Lehigh County Prison ("LCP"). Plaintiffs, Jennifer Fargione and Judy Pavelo ("Plaintiffs"), commenced this action by filing a Complaint (Doc. 1) on November

14, 2016.[1] Generally, Plaintiffs allege that the Defendants were deliberately indifferent to the alleged serious medical needs of Williams, leading to her death on November 12, 2014. The Complaint named several John/Jane Doe Defendants and there are allegations against said fictitious Defendants throughout the Complaint.

On December 20, 2017, the parties engaged in a Rule 16 Conference. During the conference, it was stipulated that Plaintiffs had until January 20, 2018, to file any motion seeking to amend the Complaint to substitute the names of any John/Jane Doe Defendants. It was not, however, stipulated by Defendants that such motion would be unopposed or proper. On January 19, 2018, Plaintiffs filed the instant Motion seeking to substitute previously unnamed individuals for the John/Jane Doe Defendants. (Doc. 35.)  Specifically, Plaintiffs seek to substitute: (1) Jen Mroz, PA-C, Clinical Director for John/Jane Doe Medical Director; (2) Nicole Heffner, Health Services Administrator for John/Jane Health Services Administrator; (3) Frances Brigidi, RN, for John/Jane Doe Medical Staff #1; and (4) Lt. Dreisbach for the Defendant identified as John/Jane Doe Supervisor #1.[2] Defendant, PrimeCare Medical, Inc. ("PrimeCare"), filed a Brief in Opposition, opposing the substitution of Mroz, Heffner and Brigidi on the basis that Plaintiffs' Motion is untimely.

---

[1]  The Complaint named as Defendants Lehigh County, the Director of Corrections for Lehigh County Edward Sweeney, Lehigh County Prison Warden Janine Donate, the Medical Director of Lehigh County Prison Jane or John Doe, the Health Services Administrator of Lehigh County Prison John or Jane Doe, Lehigh County Corrections Officer Chandler, Lehigh County Corrections Officer Rodgers, John and Jane Doe Corrections Officers 1 through 10, John and Jane Doe Lehigh County Prison supervisory personnel 1 through 10, John and Jane Doe Lehigh County Prison Medical Staff 1 through 10 and PrimeCare Medical, Inc., which contracts to provide health care services in Lehigh County Prison.

[2]  The proposed amendment would add the four named individuals and delete all other John/Jane Doe Defendants.  PrimeCare is the only opponent to the proposed amendment.

2

## II. STANDARD OF REVIEW.

Rule 15(a)(2) provides that "[t]he court should freely give leave [for a party to amend its pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). The trial court has discretion to determine whether a request for leave to file an amended pleading should be granted or denied. See Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330, 91 S. Ct. 795, 28 L. Ed. 2d 77 (1971); see also Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 272 (3d Cir. 2001). As a general matter, the trial court should grant leave to amend "unless equitable considerations render it otherwise unjust." Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d Cir. 2006) (citing Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)). Denial of a motion to amend must be grounded in substantial or undue prejudice, bad faith or dilatory motives, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment. Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of V.I., Inc., 663 F.2d 419, 425 (3d Cir. 1981) (citing Foman, 371 U.S. at 182).

Of the above-listed considerations, "prejudice to the non-moving party is the touchstone for denial of an amendment." Arthur, 434 F.3d at 204 (quoting Cornell & Co. v. Occupational Safety & Health Review Comm'n, 573 F.2d 820, 823 (3d Cir. 1978)). The prejudice inquiry "focus[es] on the hardship to the [non-moving party] if the amendment were permitted." Cureton, 252 F.3d at 273 (citing Adams v. Gould, Inc., 739 F.2d 858, 868 (3d Cir. 1984)). In determining whether prejudice exists, a court can consider whether the proposed amendment "would result in additional discovery, cost, and preparation to defend against new facts or theories." Cureton, 252 F.3d at 273. Additionally,

  [c]ourts have found undue prejudice to the non-moving party and denied leave to

3

amend where the amendment would have asserted new claims, where new discovery would have been necessary, where the motion for leave was filed months after the factual basis of the amendment was discovered by the moving party, and where the motion for leave was brought after summary judgment motions were filed.

Cumming v. City of Philadelphia, No. 03-0034, 2004 U.S. Dist. LEXIS 9030, *11 (E.D. Pa. Apr. 26, 2004). An amendment to a pleading relates back to the date of the original pleading when:

> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(l)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

F.R.C.P. 15(c)(1). The time period provided by Rule 4(m) for serving the summons and complaint applicable to the instant matter is 90 days. See F.R.C.P. 4(m). The notice element required by subsection (C) may be imputed. "[N]otice may be deemed to have occurred when a party who has some reason to expect his potential involvement as a defendant learns of the commencement of litigation though some informal means." Singletary v. Pa. Dept. of Corrections, 266 F.3d 186, 195 (3rd Cir. 2001). The two principal tests for such imputed knowledge are the "shared attorney" and "identity of interest" methods. Id. at 196-200.

### III. DISCUSSION.

#### A. Shared Attorney and Identity of Interest

Claims brought under 42 U.S.C. § 1983 are subject to state statutes of limitations

4

governing personal injury actions. See Owens v. Okure, 488 U.S. 235, 249-250, 109 S. Ct. 573, 581-582, 102 L. Ed. 2d 594 (1989); Garvin v. City of Philadelphia, 354 F.3d 215 (2003). The Pennsylvania statute of limitations for personal injury actions applicable here is two years. Lake v. Arnold, 232 F.3d 360, 368-369 (3d Cir. 2000), 42 Pa. C.S.A. § 5524(7). Federal district courts permit the use of Doe defendants for pleading purposes until plaintiffs can determine the unknown actors' identities. See Williams v. Lower Merion Township, 1995 WL 461246, at *3 (E.D. Pa. 1995)(citations omitted). However, a district court does not have to wait indefinitely for a plaintiff to identify and serve Doe defendants. Id. (citing Glaros v. Perse, 628 F.2d 679, 685 (1st Cir. 1980)). If it appears that reasonable steps are not taken to learn the identity of the true party and add him as a defendant, claims against unknown defendants should be dismissed with prejudice. Id. (citing Rodriguez v. City of Passaic, 730 F. Supp. 1314, 1319 n.7 (D. N.J. 1990)).

In cases of amendments proposed more than 21 days after a motion to dismiss has been filed, Rule 15(a) provides, ". . . a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). The decision as to whether a party should be permitted to amend a pleading is within the court's discretion. Cureton v. NCAA, 252 F.3d 267 (3rd Cir. 2001). The court may deny leave to amend if equitable considerations render it unjust. Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d Cir. 2006) (citation omitted). "Among the factors that may justify denial of leave to amend are undue delay, bad faith, and futility." Arthur, 434 F.3d at 204. While the court may not deny leave solely on the mere passage of time, "at some point, the delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party." Graham v. Progressive Direct Ins. Co., 271

5

F.R.D. 112, 122 (W.D. Pa. 2010) (citations omitted). In resolving a question of undue delay, the court focuses on the movant's reasons for not amending earlier. Id. With respect to the issue of prejudice, courts have ". . . considered whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories." Graham, 271 F.R.D. at 123 (citing Cureton, 252 F.3d at 273).

Replacing the name John or Jane Doe with a party's real name amounts to the changing of a party or the naming of a party under Rule 15(c), and thus the proposed amendments will relate back only if the three conditions specified in that rule are satisfied. Garvin, 354 F.3d at 220 (citing Varlack v. SWC Caribbean, Inc., 550 F.2d 171, 174 (3d Cir. 1977)). The conditions Plaintiff must show are as follows:

> (1) that the claim against the parties to be added arose out of the same conduct, transaction, or occurrence set forth in the original complaint, (2) that within the 120-day period for service of the summons and original complaint, the parties to be added have received notice of the institution of the action such that they will not be prejudiced in maintaining a defense on the merits, and (3) that within that same 120-day period of time, the parties to be added must have known, or should have known, that 'but for a mistake,' they would have been named as defendants in the first place.

Garvin, 354 F.3d at 222 (citing Singletary v. Pennsylvania Dep't of Corrections, 266 F.3d 186, 194 (3d Cir. 2001).

There appears to be no dispute that the proposed amendments naming Clinical Director Mroz, Health Services Administrator Heffner, and Registered Nurse Brigidi as Defendants in this matter satisfy the first condition that Plaintiffs are required to meet. That is, the claims to be asserted against these individuals arose out of the same conduct, transaction, or occurrence set forth in the original complaint. Therefore, the first requirement is satisfied.

The second requirement has been interpreted by the Third Circuit as containing two prongs, notice and the absence of prejudice, each of which must be satisfied. Smith v. City of Philadelphia, 363 F. Supp. 2d 795 (E.D. Pa. 2005)(Brody, J.)(citing Garvin, 354 F.3d at 222). The notice prong of the second requirement demands that the parties to be added received, within 120 days of the filing of the original complaint, notice of the action. Smith, 363 F. Supp. 2d at 799. The notice required by Rule 15(c) can be actual or constructive. Id.

When a plaintiff chooses to rely on constructive notice to satisfy the requirements of Rule 15(c), he can demonstrate such notice either through the "shared attorney" method or the "identity of interest" method. Id.; Garvin, 354 F.3d at 223-227. The shared attorney method requires that a plaintiff demonstrate that there was "some communication or relationship" between the attorney for the named defendants and the parties sought to be added as defendants prior to the expiration of the 120-day period for service of the summons and complaint. Smith, 363 F. Supp. 2d at 799; Garvin, 354 F.3d at 225. The identity of interest method requires the plaintiff to demonstrate that the circumstances surrounding the filing of the lawsuit permit the inference that notice was actually received by the parties sought to be added as defendants during the relevant time period. Garvin, 354 F.3d at 227.

In analyzing the shared attorney method in the context of this case, we conclude that Plaintiffs have failed to demonstrate that any communication or relationships existed between the attorney for the original defendants and Clinical Director Mroz, Health Services Administrator Heffner, and Registered Nurse Brigidi during the 120-day period after the filing of the original Complaint. See Smith, 363 F. Supp. 2d at 800 (without evidence of some communication or relationship between the attorney for defendants and the party sought to be

added, notice cannot be imputed through the shared attorney method). The main inquiry in the shared attorney method is not whether all defendants shared the same attorney at the time of the motion to amend, but whether the parties to be added shared an attorney with the original defendants within the relevant 120-day period. Smith, 363 F. Supp. 2d at 800 n.9 (citing Gavin, 354 F.3d at 225-226). Plaintiffs, therefore, have not met his burden with respect to the shared attorney method of imputing notice.

With respect to the identity of interest method, this Court can impute notice "if the parties are so closely related in their business operations or other activities that filing suit against one serves to provide notice to the other of the pending litigation." Garvin, 354 F.3d at 227. However, the Third Circuit has held that "absent other circumstances that permit the inference that notice was actually received, a non-management employee . . . does not share a sufficient nexus of interests with his or her employer so that notice given to the employer can be imputed to the employee for Rule 15(c)(3) purposes." Garvin, 354 F.3d at 227 (citing Singletary, 266 F.3d at 200). With respect to the "identity of interest" test, Health Services Administrator Heffner and Clinical Director Mroz are the two highest officials of PrimeCare at Lehigh County Prison and both were involved in the internal review of Carol Williams' death. Similarly, Registered Nurse Brigidi, although not a management employee, was apparently the only PrimeCare medical staff person on duty the night of Ms. Williams' death. All three share a clear identity of interest with PrimeCare Medical, Inc., the previously named corporate Defendant, and likewise "within that same 120-day period of time, . . . must have known, or should have known, that 'but for a mistake,' they would have been named as defendants," given their internal review of Ms. Williams' death and because Ms. Brigidi was the only medical staff person on duty the night of

Ms. Williams' death. Likewise, Lieutenant Dreisbach, by virtue of his rank, shares a similar identity of interest with the County itself. Thus, Plaintiffs meet the identity of interest requirements of Rule 15(c).

### B. Undue Delay and Prejudice.

Plaintiffs filed their original Complaint on November 14, 2016. (Doc. 1.) Counsel for PrimeCare Medical, Inc. filed his appearance on December 15, 2016. (Doc. 2.) Thus, all named Defendants appeared within the time period provided by Rule 4(m). With respect to the PrimeCare John/Jane Doe Defendants, Certificates of Merit were filed by Plaintiffs on January 11, 2016. All of the John/Jane Doe Defendants were identified in Plaintiffs' original Complaint by their specific institutional roles, therefore Plaintiffs believe that counsel for PrimeCare will be representing putative Defendants Clinical Director Mroz, Health Services Administrator Heffner, and Registered Nurse Brigidi in the event that Plaintiffs are granted leave to file their Amended Complaint. Similarly, Plaintiffs infer that counsel for Lehigh County will represent putative Defendant Lieutenant Dreisbach.

PrimeCare argues that Plaintiffs have no justification for their delay in attempting to substitute the John/Jane Doe Defendants over a year and two months after commencement of the action and the statute of limitations period. Plaintiffs initiated this action on November 14, 2016. It is presumed that Plaintiffs' counsel would have obtained Williams' medical records prior to commencing this action in order to diligently and reasonably investigate the potential claims. The names that Plaintiffs seek to substitute in for the John/Jane Doe Defendants are contained within the PrimeCare medical records. In fact, Jen Mroz, PA-C is mentioned 85 times in the records; Nicole Heffner is mentioned 8 times in the records; and Frances Brigidi, RN, is

mentioned 39 times in the records. PrimeCare argues that Plaintiff either did not do his due diligence to ascertain the names over a year ago, or determined the identities and unduly delayed in seeking leave to amend the Complaint.

PrimeCare further argues that even if Plaintiffs' counsel did not have the medical records prior to commencement of the action, it is presumed that he would have been in possession of them on or prior to January 11, 2017, when Plaintiffs filed Certificates of Merit as to PrimeCare and all of the John/Jane Doe Defendants, certifying that an appropriate licensed professional reviewed the case and determined that there is a reasonable probability that the John/Jane Doe Defendants deviated from the standard of care. (Docs. 12-15). According to PrimeCare, to make such a determination, the licensed medical professional would have had to review the Williams' medical records. Therefore, Plaintiff would have been in possession of records identifying Jen Mroz, PA-C, Nicole Heffner, and Frances Brigidi, RN, on or before January 11, 2017, over one year prior to the instant Motion to Amend Complaint. Thus, PrimeCare argues that any reasonable investigation into the substance of this matter would have clearly identified the foregoing individuals.

Plaintiffs argue, however, that they did not know the names of the Medical Director or Health Services Administrator at the time of filing their Complaint. On October 20, 2017, Plaintiffs were provided with discovery materials which contained documents beyond Ms. Williams' medical chart, including a post-mortem investigation clearly identifying certain putative Defendants and their institutional roles. Plaintiffs agree with Defendants' assertion that the names of the three individuals appear in Ms. Williams' chart multiple times (Doc. 36, p. 3-4), but they argue that the chart does not identify the role that those individuals played in the events

10

leading to Ms. Williams' death. Specifically, it is undisputed that Nurse Brigidi cared for Ms. Williams on numerous other occasions. Ms. Williams' chart does not demonstrate that Nurse Brigidi did not care for Ms. Williams on the night of her death. The names of Clinical Director Mroz and Health Services Administrator Heffner appear multiple times in the medical records, but they were only identified by their professional status (i.e. "PA-C" or "RN"), not by their administrative roles. Those roles were identified in the post-mortem investigation provided in the course of this litigation and obtained by Plaintiffs after filing this action, but the investigation was not a part Ms. Williams' chart.

Plaintiffs acknowledge receipt of Ms. Williams' medical chart prior to instituting this action. The gravamen of Plaintiffs' complaint, however, is that Ms. Williams did *not* receive medical care during the overnight hours when she died. The medical chart provided by PrimeCare supports this allegation because there is no indication that Ms. Williams was seen by any PrimeCare personnel during this time period. Because the medical chart only records treatment which was actually rendered, it could not contain the name of the PrimeCare personnel who did not see Ms. Williams during the overnight hours when she died. Thus, Plaintiffs were unable to identify which PrimeCare employee they allege did not provide care to Ms. Williams prior to receipt of further discovery materials.

This Court must next examine prejudice to the non-moving party, in this case PrimeCare. See Arthur, 434 F.3d at 204 (quoting Cornell & Co. v. Occupational Safety & Health Review Comm'n, 573 F.2d 820, 823 (3d Cir. 1978)). The prejudice inquiry "focus[es] on the hardship to the [non-moving party] if the amendment were permitted." Cureton, 252 F.3d at 273 (citing Adams v. Gould, Inc., 739 F.2d 858, 868 (3d Cir. 1984)). In determining whether

prejudice exists, a court can consider whether the proposed amendment "would result in additional discovery, cost, and preparation to defend against new facts or theories." Cureton, 252 F.3d at 273. Additionally,

> [c]ourts have found undue prejudice to the non-moving party and denied leave to amend where the amendment would have asserted new claims, where new discovery would have been necessary, where the motion for leave was filed months after the factual basis of the amendment was discovered by the moving party, and where the motion for leave was brought after summary judgment motions were filed.

Cumming v. City of Philadelphia, No. 03-0034, 2004 U.S. Dist. LEXIS 9030, *11 (E.D. Pa. Apr. 26, 2004). In this case, Plaintiffs seek to substitute the names of the Medical Director, Health Services Administrator and the only PrimeCare employee present on the night of Ms. Williams' death. No new claims are being asserted and discovery has not yet closed. Accordingly, PrimeCare has not shown the necessary prejudice to preclude Plaintiff's amendment.

## IV.  Conclusion.

For all of the above reasons, Plaintiff's motion to amend is granted. An Order consistent with this Memorandum follows.